**Harry F. HAUSER, Appellant,**

v.

**Margaret M. HECKLER, Secretary of Health and Human Services, Appellee.**

**No. 83–2694.**

United States Court of Appeals, Eighth Circuit.

Submitted May 22, 1984.

Decided Aug. 23, 1984.

Clark & Crabtree by Terry Crabtree, Bentonville, Ark., for appellant.

Before HEANEY, Circuit Judge, FLOYD R. GIBSON, Senior Circuit Judge, and ARNOLD, Circuit Judge.

PER CURIAM.

Harry F. Hauser originally filed for disability benefits on April 27, 1979. Following a hearing before an administrative law judge, he received a favorable decision on January 14, 1980. In May 1981, the Social Security Administration decided that his disability had ceased as of March 1981. Hauser appealed that decision, but it was affirmed. He then requested a hearing before an administrative law judge, which was held on January 4, 1982 and which resulted in a finding that he was not disabled. Pursuant to 42 U.S.C. § 405(g), he commenced an action in the United States District Court for the Western District of Arkansas. That court affirmed the decision of the Secretary, and this appeal followed.

In *Rush v. Secretary of Health and Human Services*, 738 F.2d 909, 915–16 (8th Cir.1984), we stated:

[T]he Secretary may not terminate benefits merely upon a reappraisal of the prior evidence, [therefore] a rebuttable presumption of continuing disability is required. * * * [I]n a disability-termination proceeding, there is a presumption that a claimant who has previously been determined to be disabled remains disabled. * * * [T]he initial burden is on the Secretary to come forward with evidence which indicates that there is a legitimate reason to re-evaluate the claimant's right to receive benefits and which, if believed, would justify termination. The Secretary may meet this burden by showing that there was clear and specific error in the prior determination or by producing new evidence that the claimant's medical condition has improved, that the claimant has benefited from medical or vocational therapy or technology, or that the claimant's condition is not so disabling as originally supposed. (Citation and footnotes omitted.)

The Secretary points to no clear and specific error in the prior determination. She produced no new medical evidence indicating that the claimant's medical condition had improved. Indeed, the examining orthopedist retained by the Secretary, Dr. H.E. Martin, who initially found Hauser to be disabled and re-examined him in connection with the termination proceeding, stated that Hauser's condition "remained unchanged." She did, however, present evidence indicating that Hauser had attended law school for a period of time. It may be that this evidence is new evidence indicating that Hauser is now able to do sedentary work. That question was not adequately answered in the administrative proceeding. We therefore remand to the district court with directions to it to remand to the Secretary with direction to her to reinstate Hauser's disability benefits or to have a further evidentiary hearing to determine whether Hauser's attendance at law school constitutes substantial evidence that Hauser is now able to do sedentary work.